IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

************************************  Case No.  09 - CR - 467 (GTS)

UNITED STATES OF AMERICA

                                                GOVERNMENT'S SENTENCING
                                                MEMORANDUM

       v.

STEVEN MAIGAR,
        Defendant.

************************************

      The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum.

# I

## INTRODUCTION

      On January 24, 2012, the defendant entered a guilty plea to Count 1 of Superseding Indictment 09-CR-467, conspiracy to possess with intent to distribute and to distribute more than 100 kilograms of marijuana, in violation of 12 U.S.C. § 846 and 841(b)(1)(B).  The defendant is scheduled to be sentenced on January 10, 2013.

II

APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1.      **Statutory Maximum and Minimum Sentences**

The defendant's conviction for conspiracy to possess with intent to distribute and to distribute a controlled substance, in violation of 12 U.S.C. § 846 subjects the defendant to a statutory maximum term of forty (40) years imprisonment and a statutory minimum term of five (5) years imprisonment; a mandatory term of supervised release of at least four years, *see* 21 U.S.C. § 841(b)(1)(B); and a fine of $2,000,000.  *See* 21 U.S.C. § 841(b)(1)(B).

1.      **Guidelines Provisions**

   a.      **Offense Level**

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for 21 U.S.C. § 841(b)(1)(B) is 26.  *See* U.S.S.G. § 2D1.1(c)(7).  That level should be increased by 5 as a result of the following Chapter Three adjustments: The defendant should receive a 3 level adjustment under U.S.S.G. § 3B1.1.  During the course of the conspiracy, the defendant acted as a manager for the smuggling organization and directly supervised co-defendants Steven Manney, Colleen Manney, Chelsea Rock, Micelle Bolduc, Joshua Lashway and others.

The defendant's base offense level should be further increased by 2 for reckless endangerment during flight.  *See* U.S.S.G. § 3C1.2.  On October 6, 2009, the defendant and co-defendant Joshua Lashway were attempting to transport a load of marijuana into the United States when law enforcement officers interdicted and attempted to stop the van they were operating.  The defendant and Lashway sped away from law enforcement vehicles and struck an HSI vehicle in the process.  On November 24, 2009, law enforcement officers again attempted to

stop a vehicle being operated by the defendant.  The defendant led law enforcement officers on a high speed chase and fled back into Canada.

    **b.**    **Acceptance of Responsibility**

The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a).  The government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "assisted authorities in the investigation and/or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

    **c.**    **Criminal History Category**

According to the presentence report, the defendant's criminal history category is I.  The government agrees with the Probation Office's determination of the defendant's criminal history category.

    **e.**    **Guidelines Range and Sentence**

As described above, the combined offense level is 28 and the criminal history category is I. This is consistent with the calculations in the presentence report.  As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive a sentence of 78 to 97 months imprisonment; a fine of $12,500 to $2,000,000; and a supervised release term of at least four years.

**III**

**GOVERNMENT'S SENTENCING RECOMMENDATION**

The defendant's sentence should reflect the seriousness of the offense, promote respect for the law and provide a deterrent to the defendant. The instant offense is serious. From 2007 until, at least, January 10, 2010, the defendant participated in a drug smuggling operation that brought hundreds of pounds of marijuana into the United States. International drug smuggling has a significant effect on drug users in the United States and generates significant proceeds for drug organizations in Canada and the United States, which may fund other illegal activity.

The government's primary concern, however, is that the defendant led this organization. The defendant was responsible for coordinating the shipment of marijuana loads across the border, he decided the manner and location of the smuggling, he recruited and paid the couriers and was generally responsible for the success or failure of all smuggling operations. During the course of the conspiracy, the defendant employed and managed more than ten co-conspirators. The defendant was a major cog in the international drug smuggling machine, facilitating the flow of drugs into the United States and huge sums of money into Canada. Drug traffickers in the United States and sources of supply in Canada depend heavily on smugglers like the defendant to generate profits for their organizations.

The defendant's criminal history is very disconcerting and indicates a lack of respect for the law. Setting aside the defendant's juvenile convictions, the defendant has been convicted of: failure to pay a fine (1998), breaking and entering (1999), failure to pay a fine (2000), breaking and entering (2002), possession of a stolen vehicle (2003), manufacture of marijuana and possession of a stolen ATV (2004), possession of marijuana for the purpose of trafficking (2004), breaking and entering (2004), destruction of property (2004), possession of marijuana for the purpose of trafficking (2005), bulk cash smuggling (United States conviction) (2007). The defendant is only 32 years old but already has twelve convictions and has spent several years in

prison. Since all but one of the defendant's convictions occurred in Canada, the defendant's criminal history category does not accurately reflect his actual criminal conduct. If the defendant had committed those same offenses in the United States, he would be facing a substantially higher guidelines range. Additionally, the defendant committed the instant offense while on supervised release further demonstrating his lack of respect for the law. Indeed, the defendant continued to engage in drug trafficking almost immediately after being released from a two year prison sentence for bulk cash smuggling.

Based on the defendant's criminal history, it seems highly likely the defendant will continue to commit crimes in the future. A strong sentence will ensure that the defendant understands the seriousness of his conduct and provide the defendant with a significant incentive not to continue his career in crime.

Respectfully submitted this 20th day of December, 2012,

RICHARD S. HARTUNIAN
United States Attorney


By: */s/ Daniel C. Gardner*
Daniel C. Gardner
Assistant United States Attorney
Bar Roll No.